UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUBPOENAS TO B. GIVEN ) <br> & CUSTODIAN OF RECORDS FOR ) <br> LOEB & LOEB LLP ) | Case No.: 2:22-mc-00032 |

### DEFENDANTS' MOTION TO QUASH SUBPOENAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC and Eventide Credit Acquisitions LLC (collectively "**Defendants**"), Defendants/Counter-Plaintiffs/Third-Party Plaintiffs in an action currently pending in the Eastern District of Pennsylvania, entitled *Armstrong Teasdale LLP v. Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC, and Eventide Credit Acquisitions LLC v. Richard L. Scheff*, Case No. 2:21-cv-03631 (the "**Pennsylvania Matter**"), and file this Motion to Quash Subpoenas (the "**Motion**") directed to Bernard R. Given, II, Esquire ("**Mr. Given**"), individually, and to the Custodian of Records for Loeb & Loeb LLP (the "**Firm**") (collectively "**Non-Parties**"), requesting documents from Non-Parties concerning the Pennsylvania Matter, and in support thereof would respectfully show the Court as follows:

### INTRODUCTION

Mr. Given is an attorney licensed in the State of California and practicing with the Firm in Los Angeles, California where he and the Firm specialize in commercial litigation and bankruptcy reorganization matters. Mr. Given was previously engaged by one or more of the Defendants in which Plaintiff Armstrong Teasdale LLP ("**Armstrong**" or "**Plaintiff**") and Third-Party Defendant Richard L. Scheff ("**Mr. Scheff**") were also engaged representing one or more Defendants (the "**Underlying Litigation**"). Mr. Given and the Firm were subsequently engaged as successor counsel sometime after Armstrong and Mr. Scheff were terminated from the Underlying

1

Litigation. The Firm and Mr. Given have continued to represent Defendants since 2021, nearly one year after Armstrong was terminated as Defendants' counsel.

With respect to the Pennsylvania Matter, Defendants' counsel received an email on January 28, 2022 at 4:34 pm with an attached Notice that Armstrong and Mr. Scheff intend to serve the Subpoenas on Mr. Given and the Firm, along with eight (8) other non-parties, on January 28, 2022 or as soon thereafter as service may be effectuated. The email also attached Subpoenas, dated January 28, 2022 commanding production of documents by Mr. Given and the Firm on February 10, 2022 at 10:00 am at the law firm of Hangley, Aronchick, Segal, Pudlin, & Schiller, located at One Logan Square, 27th Floor, Philadelphia, Pennsylvania 19103. *See* Declaration of Marianne Barth, attached hereto as **Exhibit 1**, **Exhibits 1-A to 1-C**. It is Defendants' understanding that Mr. Given and the Firm were also e-mailed and overnight mailed Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (collectively the "**Subpoenas**") on January 28, 2022, with a requested date of production of February 10, 2022 at 10:00 am in Philadelphia, Pennsylvania.

Defendants request this Court grant their Motion for the following reasons: (1) the Subpoenas were not properly served as required by Federal Rule of Civil Procedure 45(b); (2) the thirteen (13) days given to produce by the Subpoenas fail to allow reasonable time to comply; (3) the Subpoenas are improperly attempting to require compliance beyond the geographical limits specified by Federal Rule of Civil Procedure 45(c); (4) the Subpoenas improperly require disclosure of privileged or other protected matter, especially as Mr. Given and the Firm are involved in continued representation of the Defendants named in the Pennsylvania Matter; and (5) compliance with the Subpoenas poses an undue burden upon Mr. Given and the Firm. Objections to the Subpoenas have been served by Defendants' counsel. *See* Declaration of Marianne Barth,

**Exhibit 1-D**. As such, Defendants respectfully request this Court grant their Motion to Quash the Subpoenas e-mailed and mailed to Mr. Given and the Firm, out-of-state nonparties to the Pennsylvania Matter.

## JURISDICTION

Jurisdiction is proper before this Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) which requires a motion to quash or modify a subpoena to be filed in "the court for the district where compliance is required." The place of compliance is determined by Rule 45(c)(2) which states that the "place of compliance" for discovery such as production of documents, electronically stored information, or tangible things is "(A) at a place within 100 miles of where the person resides, is employed or regularly transacts business; and (B) inspection of premises at the premises to be expected."

Here, the Subpoenas are attempting to command Mr. Given and the Firm to produce documents to an office located in Philadelphia, Pennsylvania. However, Mr. Given resides and works in Los Angeles, California within the geographical limits of the Central District of California. The Firm is likewise located and operates in Los Angeles, California within the Central District of California. Thus, the "place of compliance" providing an appropriate venue for the Motion must be within 100 miles of Los Angeles, California. As such, this Court has jurisdiction over this Motion.

    **A. The Court Must Quash the Subpoenas Which Were Not Properly Served.**

The Subpoenas issued by counsel for Armstrong and Mr. Scheff to Mr. Given and the Firm were not properly served on Mr. Given and the Firm as required by Rule 45(b) of the Federal Rules of Procedure.

A copy of the Subpoenas was e-mailed to Mr. Given and the Firm on January 28, 2022. A copy of the Subpoenas was also sent by overnight delivery. Defendants are not aware that Mr.

3

Given has agreed to accept service of any subpoena by e-mail or overnight delivery, nor that he agreed to accept service of any subpoena in the Pennsylvania Matter. Defendants are not aware that Mr. Given has voluntarily agreed to provide any documents. Further, Defendants are not aware that Mr. Given is a registered agent of the Firm and has agreed to accept service of any subpoena on behalf of the Firm, and that the Firm has likewise agreed to accept service of any subpoena in the Pennsylvania Matter and has agreed to voluntarily provide any documents.

Defendants are not aware of any authority permitting service of a subpoena to a non-party located in California by e-mail or overnight mail. Rather, any subpoena in the Pennsylvania Matter must be served as required by Rule 45(b) of the Federal Rules of Civil Procedure in order to be valid. Because the Subpoenas issued to Mr. Given and the Firm were not properly served, the Subpoenas are wholly invalid and impose no legal obligations on Non-Parties to respond or produce any documents.

### B. This Court Must Quash the Subpoenas Served Upon Mr. Given and The Firm Because They Fail to Allow Reasonable Time to Comply.

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply."

Despite reference to only a "reasonable time" for compliance, other provisions of Rule 45 imply that, at a minimum, a reasonable time must exceed fourteen (14) days. For example, Rule 45(d)(2)(B) states that an "objection must be served *before the earlier of the time specified for compliance or 14 days after the subpoena is served*." (emphasis added). Additionally, advisory notes from the 1991 amendment to Rule 45 explain that "[t]he 10-day period for response to a subpoena is extended to 14 days to avoid the complex calculations associated with short time periods under Rule 6 and to allow a bit more time for such objections to be made." Because Rule

45 implies that at least fourteen (14) days is appropriate to allow time to object to a subpoena, it follows that a witness should be given at least fourteen (14) days to comply. Thus, less than fourteen (14) days before required compliance constitutes the serving party's failure to allow a reasonable time to comply, and grounds to quash the Subpoenas.

In this case, the Subpoenas specify the date and time of production as February 10, 2022 at 10:00 a.m. This date is thirteen (13) days after the Notice of Subpoena and Subpoenas were e-mailed to Defendants' counsel, and e-mailed and overnight mailed to Mr. Given and the Firm on January 28, 2022. Thus, the actual time frame given for production under the Subpoenas are unreasonable on its face because Rule 45 implies that at least fourteen (14) days is reasonable.

The thirteen (13) day request is particularly unreasonable in this case where the Subpoenas have been emailed and mailed to out-of-state Non-Parties and the ten (10) categories of requests will likely involve significant time-intensive review, redaction and collection of documents to properly respond to the requested production. For these reasons, the Subpoenas fail to allow a reasonable time to comply and must be quashed under Rule 45(d)(3)(A)(i).

### C. This Court Must Quash the Subpoenas Served Upon Mr. Given and the Firm Because They Require Compliance Beyond the Geographical Limits Specified in Rule 45(C).

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)." As stated above, Rule 45(c) specifies that the "place of compliance" for discovery such as production of documents, electronically stored information, or tangible things is "(A) <u>at a place within 100 miles of where the person resides, is employed or regularly transacts business</u>; and (B) inspection of premises at the premises to be expected."

Here, Mr. Given resides and conducts business in Los Angeles, California. The Firm likewise conducts business in Los Angeles, California. Despite being over 2,500 miles away from the place of compliance, the Subpoenas improperly direct Mr. Given and the Firm to produce documents in Philadelphia—specifically to the offices of Hangley, Aronchick, Segal, Pudlin, & Schiller, located at One Logan Square, 27th Floor, Philadelphia, Pennsylvania 19103.

The Subpoenas command production of documents over 2,500 miles away from the appropriate place of compliance (which would be within 100 miles of Mr. Given's residence or the Firm's business) which is contrary to the geographical limits specified by Rule 45(c). As such, and pursuant to Rule 45(d)(3)(A)(ii), this Court must quash the Subpoenas.

### D. This Court Must Quash the Subpoenas Served Upon Mr. Given and the Firm Because They Require Disclosure of Privileged or Other Protected Matter

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies."

Here, the Subpoenas command, among others, the production of "<u>engagement letters</u> with each Defendant;" "<u>billing invoices</u> for services performed on behalf of Defendants, including without limitation invoices that describe on a monthly basis what work was performed, who performed it, and the charges for the work;" and "All documents referring or relating to any <u>communications among anyone regarding any of the allegations</u> of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third Party Complaint." (Pennsylvania Matter).

Mr. Given and the Firm have represented and continue to represent Defendants in the ongoing Underlying Litigation. Mr. Given's and the Firm's continued representation of the Defendants prevent them from producing the required documents, as to do so would violate the

attorney-client privilege and work product doctrine and therefore must be quashed under Rule 45(d)(3)(A)(iii).

### E. This Court Must Quash the Subpoenas Because They Subject Mr. Given and the Firm to An Undue Burden.

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(iv) subjects a person to undue burden."

In this case, the Subpoenas command Mr. Given and the Firm to produce ten (10) categories of documents to an office over 2,500 miles away within thirteen (13) days from the date the Subpoenas were served. From the ten (10) categories of requested documents, many documents will be covered by the attorney-client privilege or work product privilege—especially as Mr. Given and the Firm have represented Mr. Martorello and the other Defendants prior to the relevant period of the Pennsylvania Matter and are still involved in continued representation. As such, the document review, identification of privileged material, redaction where necessary and collection for production of documents pursuant to the Subpoenas would be time and labor intensive and expensive to Non-Parties, making the 13-day timeframe particularly unreasonable. For these reasons, the Subpoenas are unduly burdensome and must be quashed pursuant to Rule 45(d)(3)(A)(iv).

## **CONCLUSION**

For the forgoing reasons, Defendants respectfully request the Court grant their Motion as the Subpoenas (1) were not properly served; (2) fail to allow reasonable time to comply; (3) improperly require compliance beyond the geographical limits specified by Rule 45(c); (4) improperly require disclosure of privileged or other protected matter and (5) pose an undue burden upon Mr. Given and the Firm.

Respectfully submitted,

**BROPHY & DEVANEY, PLLC**

By: ___*/s/ Marianne Barth*___
    Joseph F. Brophy, admitted *pro hac vice*
    Marianne Barth, admitted *pro hac vice*
    Cara Filippelli, admitted *pro hac vice*
    The Overlook at Barton Creek
    317 Grace Lane, Suite 210
    Austin, Texas 78746
    Phone: (512)910-7797
    Joe@bdlawpllc.com
    Marianne@bdlawpllc.com
    Cara@bdlawpllc.com

    George Bochetto (PA ID# 27783)
    Jeffrey W, Ogren (PA ID# 59090)
    1524 Locust Street
    Philadelphia, PA 19102
    Phone: (215)735-3900
    gbochetto@bochettoandlentz.com
    jogren@bochettoandlentz.com

**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS/THIRD-PARTY DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record on this 9th day of February 2022.

John S. Summers, Esquire
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square
18th & Cheny Streets, 27th Floor
Philadelphia, PA 19103
jss@hangley.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT
AND THIRD- PARTY DEFENDANT**

Bernard R. Given, II
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California, 90067
bgiven@loeb.com

**ATTORNEY FOR NON-PARTIES**

                                                                      */s/ Marianne Barth*
                                                                      Marianne Barth